Good morning, Your Honor. May it please the Court. My name is Scott Closs. I represent U-Haul. This is the preservation of the administrative claims. This case represents the preservation of the administrative claims. So you went to the agency, made an FTCA administrative claim, was denied, and you filed this case as an alternative to the other case. Correct, Your Honor. The court said no FTCA claim, no valid FTCA claim, because the kind of damage you are alleged to have suffered is not the kind of damage that's cognizable under the Federal Claims Act. That's correct, Your Honor. It's not lost the property or person. Why is this the court wrong on that? Well, the court was wrong first in its application of its statutory analysis, whether or not 1346 should be read narrowly or should be construed broadly to affect human beings. Assume it's construed as broadly as the human mind can make it. All right. Why is it wrong? It's wrong because the district court did not entertain the law of Nevada in determining whether or not the claims were cognizable under Section 1346. That was the court's job, was to first determine whether or not the claims were cognizable. In FDIC v. Meyer, Justice Thomas says this is what the court has to do. It's its only job under 1346. It doesn't look for exclusions to a waiver of sovereign immunity. It only looks to see if a claim is cognizable. A claim is cognizable if it's not. The heart of the district court's decision, if I've got it right, is that there wasn't a statutory loss of property, which has nothing to do with exclusions or anything else. Your Honor, the district court determined that the nature of the damages that it believed were framed by the complaint were excluded. The court used the phrase excluded from the claim. But not as an exclusion. It just said it doesn't qualify as a loss of property under Ninth Circuit law. Well, maybe, you know, it would be helpful to me if you could just say why you think that's wrong. Why do you think it was a loss of property? Because under Nevada State law, it wasn't a loss of property. There are a line of Nevada cases. The court was required to look to Nevada State law. That's what FDIC v. Meyer says. It looks to the law of this. What cases and what do they hold? Give us your best case under Nevada law that says it's property. If I may give you three, Your Honor. M.C. Multifamily Development v. Crestdale recognizes that when a document, specifically a document, is converted, then the intangible benefits that belong to the property owner, and in this case, we're talking about confidential information, work product of U-Haul, that the intangible benefits of that document constitute property that may be converted and constitute property that the loss of that intangible benefit, the benefit underlying that document, is compensable loss. It makes the loss actionable under Nevada law. Because the loss is actionable under Nevada law, it's cognizable under Section 1346. No matter what 1346 says, it's required for the Federal claim. 1346 says 1346 has six factors that the court has to look to. It looks to the law. It must look to the court must look to the law of the place where the incident occurred and determine if the claims the claims are cognizable under the law of the place where the incident occurred. The district court didn't engage in that analysis. Had the district court engaged in the analysis. Let's engage in it here. What exactly is your claimed loss here? One of the claimed losses is the loss of the the loss in conversion of the confidential information. The attorney work product that was developed by the Kamer law firm for the benefit of U-Haul under Nevada law, it is U-Haul's property. It's my am I wrong that your damages theory was that the stealing the confidential information made the proceeding more protracted, tougher, harder, and therefore increased U-Haul's attorney's fees? No, Your Honor. Those are elements of our damage. What happened was we lost because the government got our confidential information. We lost an NLRB proceeding. That is a that is a damage that is a damage that is compensable. It's not just that we had to, if you liken it to a different tort, it's not just You're claiming but for this you would have won? But for the stealing of our confidential information at a time before the issues were joined or before the issues were presented to the administrative law judge? Yes, Your Honor. I mean, that's what we would have proved had we been given the opportunity to. That but for the taking of our confidential information, our witness summaries, the bad things that certain witnesses had to say that might hurt us in a way that if the government developed those facts, the case critical, our own case critical analysis. Here's where we have weak arguments. Here's what we need to develop. Yes, the government had our playbook, Your Honor. The government had our playbook and they used it to our disadvantage and that is a compensable loss. And that is, that will. And what exactly, remind me, did you lose in the NLRB proceeding? There was no monetary aspect to the, I mean, the NLRB can't enter judgment, right? The- What was the consequence of losing the order of the NLRB? What is the order? I want to be careful, Your Honor, because I don't want to misstate and I wasn't involved, but my understanding is that- I'm not asking you a question, I'm asking you to not misstate. Yeah, I know, I'm sorry, that shouldn't have prefaced so long. I was not involved in the NLRB proceeding at the beginning. My understanding is that as a result of the NLRB proceeding, there was a union certification, that as a result of the union certification, there was a, I believe it's called a 10, not a labor lawyer, a 10J order, that as a result of the union certification, there was a nationwide posting that was required, that as a result of the loss in front of the ALJ, that there were reinstatements, I do know this, there were reinstatements and monetary damages that were required to be paid to, I believe, 22 severed employees. Back, back pay. Back pay and other damages that were required to be paid. And your position that you made out below, it wasn't clear from your brief, but I must tell you, I think this is the first time I've heard you say it, but maybe I didn't see it all, so this is why it was good. Your position is, they took our attorney client's information, and if they hadn't had it, we'd have won. Yes, Your Honor. And therefore, you wouldn't have had to pay the back pay, and you wouldn't have, presumably, have a more adverse contract or whatever else. Yeah, we wouldn't have union certification, we wouldn't have all of those adverse results. So you have to convert that into dollars in some way. Right. And that's why you have lawsuits. We would have, we would have converted that into dollars. We would have monetized those damages during the course of the litigation. We would have presented proof on those damages during the course of the litigation had we been given the opportunity to do so. But we weren't given the opportunity to do so. Is there anywhere in the district court record that you can point to where you spilt that out as contrasted with more attorneys' fees as your measure of damages? Your Honor, the complaint or your injury. I'm sorry? Yeah, any place that you spell that out. What you're saying now. Your Honor, the only pleading that was filed was the complaint. It was in counts 1, 2, and 3, we generally allege our damages. We don't spell out everything that I just said, Your Honor. And we weren't required under Rule 8 of the Federal Rules. I have a complaint here. You don't call them counts, you call them claims. No, count 1, Your Honor, is conversion. Count 2 is tortious conspiracy. Is this do you have an ER site? Yes, ER 28. Okay, hold on a second. Let me get to ER 28. ER 28 is part of a notice of removal. Am I looking at the wrong ER? It's a proof of service. I have my appellant's excerpt of record in 0916444. Maybe I've got the wrong case. It's ER here. Now, what does it say? In counts 1 through 3, I'm sorry, Your Honor, we generally allege our damages. They are not alleged with specificity. They're not required to be alleged with specificity. But importantly, we also did not allege that our only damages. In fact, we alleged not that, that our only damages were attorney's fees and protraction of litigation. We gave those examples, I think in section or in paragraph 17, we gave those as examples of the damages that we sustained. But the giving of examples in a notice pleading, especially when the goal of the Federal Tort Claims Act is to waive sovereign immunity in its broadest terms. I'm sorry. ER 28, I just found it, is the complaint. Right. It's page 1. I really meant something more specific, like, you know, paragraph or page number within the complaint. Sure. Paragraph 17, Your Honor. Paragraph 17, okay. Based upon your page, it would be ER 31, right? ER 31, correct, Your Honor. Now, it says, including but not limited to incurring substantial legal fees due to, and then it's the longest of things where you had additional legal fees. No, Your Honor. We also include the we It says that we sustained damages. We gave an example of the damages we sustained. An example of the damages we sustained. Is the word including that your line? Because everything else talks about increased legal fees. Well, it's including but not limited to, and then we even were, I noticed, redundant by using inter alia. But we gave examples of the damages we sustained. We did not limit the damages we sustained. It was improper, given the scope and the way the FTCA is supposed to be construed, to take a notice pleading to use only one of the counts in that notice pleading. Well, let me ask you a slightly different question. Was that claim exhausted? Was the claim that you presented to the agency, did that include a claim for loss of the NLIB proceeding? Again, Your Honor, the notice of claim that we presented to the administrative agency, I'm seeing if it's in the Actually, the time the administrative claim was filed, I'm looking at it, Your Honor. It's ER 62. At the time the administrative claim was filed, Your Honor, the case, the NLRB case, the underlying labor case, had not yet been completed, it's my understanding. So at that time, at the time the administrative claim was filed, the claim was for the expenditure of the attorney's fees and costs in defending the NLRB proceeding, and the compromise was $1 million for Walmser and $1.5 million for Albright. But my understanding of the procedural history is that as of August 6, 2007, the underlying unfair labor practice proceeding had not yet been finalized. My time is up. Yes, it is. Thank you, Your Honor. May it please the Court and counsel, I'm Roger Wente for the United States. Your Honors are absolutely correct. At no time in the complaint, in the administrative proceeding, in any pleading filed in the district court, in any pleading filed in this court, did U-Haul ever claim that losing the NLRB proceeding was an item of damage that came from all of this? Even if it had, would that constitute a loss of property? Well, I don't think so under the Trombley case. It's clear that what they are alleging is additional cost of operation or additional response cost, and we think Trombley, which is still good law in the circuit, says that's not injury or loss of property. We disagree with their way of reading the FTCA. What is property or what is loss of property is State-specific, right? Yes, I'm sorry? State-specific. No, it's not, Your Honor. It's words in Federal statute. This is what I was about to say. We disagree with their reading of the FTCA. We believe it's a two-step process to determine whether a complaint passes muster. One, is it within the scope of the terms of the FTCA's provisions? And, two, is it within the scope and terms of State law? And only if it is both in that intersection of the two can it survive. The question of whether it is – whether it alleges injury to or loss of property is a question of Federal law, because those are words in a Federal statute that do not look to State law for their meaning. Well, but there are several terms there. There is injury to, there's loss of, and there's property, okay? And they are separate concepts. It was my understanding always that whether something is property or not is a question of State law. And we've got lots of Supreme Court authorities saying that. Only States can define property rights. Well, I must say that – And not the question of whether you have your property injured or whether you've lost property, those may be Federal concepts. But the basic concept of whether something is property or not, isn't that State law? I believe it's a Federal word that may look to State law for – to incorporate some meaning, but in the end, the Trombley case, it seems to me, was saying this is a concept of Federal law as to what Congress meant when it used the word property. So either way, I think we come out with the same result, because – If there is confidential information, like a trade secret, there's lots of things that are confidential information, why doesn't one have a property right in confidential information that can be injured or lost or destroyed? One could. They didn't allege that in their complaint either. They alleged only additional costs. They didn't allege that. But his argument was the case wasn't resolved at the time that the complaint was filed. No. But certainly the confidential information had been disclosed at the time they filed administratively and when they filed this complaint. Yes, but the value of the property couldn't be determined until you find out what happened in the NLRB proceeding. Well, I think it's characteristic. If they had won it, it presumably wouldn't have been worth anything. I think it's character as property either existed or didn't exist on the day it was disclosed. Our position is disclosing a secret to someone else does not injure or lose property. It just isn't that nature. Did you apply that to trade law, too? No. Intellectual property, we would say, is property for that purpose, but we don't think that the contents of strategy in a memo rises to that level. That's our position on that. We also seek to uphold the decision below on grounds, although it wasn't reached by the district court, we did raise it in the district court, and that is the whole question of the gravamen of the complaint. We feel the gravamen of this complaint is clearly to raise issues that are excluded under 26ADH as either misrepresentation, deceit, or interference with contract or abuse of process, and that's an independent grounds on which the court can dismiss the complaint. And then in addition to that, there's the discretionary function exception, and that only applies to Wamser's conduct, but that is a garden variety claim of negligent failure to supervise, and those types of claims, we feel, are within the heartland of the discretionary function exception. So for all those reasons, we think the decision should be upheld. Okay, there being no further questions. Thank you. You more than took your time. Would you like 30 seconds for rebuttal? Yes, Your Honor. Thank you, Your Honor. If only to raise this one issue. The discretionary function exemption was never argued in the district court. It was never raised by the government in the district court. It was raised for the first time here, and the discretionary function exemption, as this Court has recognized, is a particularized, fact-specific inquiry on which the government bears the burden of proof. By failing to raise it below, the government waived that issue for the purposes of this Thank you very much. The case just argued will stand submitted. We are adjourned.
judges: Trager, Kozinski, Rymer